**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

|                                   |   |                                      |
|-----------------------------------|---|--------------------------------------|
| PATRICK W. ZARITZ,                | ) |                                      |
|                                   | ) |                                      |
|     Movant,   | ) | Civil Case No. 4:13-cv-2307-JAR      |
|                                   | ) | Criminal Case No. 4:11-cr-177-JAR-1  |
| v.                                | ) |                                      |
|                                   | ) |                                      |
| UNITED STATES OF AMERICA,         | ) |                                      |
|                                   | ) |                                      |
|     Respondent. | ) |                                    |

## MEMORANDUM AND ORDER

This matter is before the Court is Movant Patrick W. Zaritz's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. 1). The Government has responded (Doc. 9). For the following reasons, the motion is **DENIED with prejudice** and this case is **DISMISSED.**

### I. Introduction and Background

On February 27, 2012, Movant waived his right to prosecution by indictment, and entered guilty pleas to the following four counts, which were charged by information: (1) on April 1, 2010, knowingly and intentionally possessing with the intent to distribute a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) ("Count 1"); (2) on April 1, 2010, knowingly possessing "one or more firearms" in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) ("Count 2"); (3) on April 1, 2010, knowingly possessing an unregistered short barrel shotgun, in violation of 26 U.S.C. § 5861(d) and punishable under 26 U.S.C. § 5871 ("Count 3); (4) on December 20, 2010, knowingly and intentionally possessing with the intent to distribute a mixture or substance containing a

detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) ("Count 4) (Crim. Docs. 55-56; 84).[1] In exchange for Movant's guilty pleas, the Government agreed to, inter alia, dismiss a fifth count, which charged Movant with knowingly possessing one or more firearms in furtherance of a drug trafficking crime on December 20, 2010, and which was punishable by a mandatory, consecutive 25-year prison sentence (Crim. Docs. 55 at 4; 84 at 5, 19).

The parties' written plea agreement set forth the following relevant facts. On April 1, 2010, law enforcement officers executed a search warrant at Movant's residence, and found methamphetamine, indicia of a meth lab, and four firearms, including a short-barreled, 12-gauge shotgun. The parties further agreed that expert testimony would have established that Movant possessed the short-barreled shotgun to facilitate the distribution of narcotics. On December 20, 2010, law enforcement officers executed another search warrant at Movant's residence, and found more methamphetamine, indicia of a meth lab, and four more firearms (Crim. Doc. 61 at 3-9).

The plea agreement specifically stated that, as to Count 2, Movant admitted that in furtherance of his possession with the intent to distribute methamphetamine (as charged in Count 1), he had "knowingly possessed a firearm, namely: a short barreled shotgun" (Id. at 5). The plea agreement described Count 2 as "Knowingly Possessing a Short Barreled Shotgun in Furtherance of a Drug Trafficking Crime," and noted that Count 2 was punishable by "a mandatory minimum term of imprisonment of ten years, said sentence to run consecutively with any other sentence" (Id. at 11, 13 (citing 18 U.S.C. §§ 924(c) and 924(c)(1)(B)(i)). The plea agreement also indicated

---

[1] A May 2011 indictment had initially charged Counts 1 and 4 as knowingly and intentionally manufacturing a mixture or substance containing a detectable amount of methamphetamine. At the plea hearing, Movant denied that he had actually manufactured the methamphetamine, and the Government agreed to modify Counts 1 and 4, by information, to charge him with possession with the intent to distribute methamphetamine instead (Crim. Docs. 13; 84 at 20-24).

that, by pleading guilty, Movant agreed to waive, as relevant, his right to a jury trial and his right to require the Government to prove beyond a reasonable doubt the elements of each offense (Id. at 21).

During the February 27, 2012 plea hearing, Movant waived his right to indictment, and agreed to proceed on the information (Crim. Doc. 84 at 30-33). Movant signed a waiver of indictment, indicating that Count 2 charged him with "Possession of a short-barreled shotgun in furtherance of a drug trafficking crime" (Crim. Doc. 56). The Court then conducted the following colloquy with Movant:

> THE COURT: [A]s to Count II, that the elements of the offense are that you committed the crime of possession with intent to distribute a mixture or substance containing a detectable amount of methamphetamine[, a] controlled substance to another person as named in Count 1 of the Indictment. And, two, in furtherance of the commission of possession with intent to distribute a mixture or substance containing a detectable amount of methamphetamine, you knowingly possessed a firearm, a short-barreled shotgun. Do you agree that you did those things?
>
> MOVANT: Yes, sir.
>
> . . .
>
> THE COURT: You agree on April the 1st, 2010 and December the 20th, 2010, on both of those dates –
>
> MOVANT: Yes, sir.
>
> THE COURT: – agents and police and law enforcement officers were at your residence. And on both of those occasions you were in the possession of methamphetamine; is that correct?

MOVANT: Yes, sir.

THE COURT: And at the time you were in the possession of the methamphetamine, you knew it was methamphetamine, and you intended to distribute it, either sell it or give it to others; is that correct?

MOVANT: Yes, sir.

THE COURT: And you agree that you knowingly possessed these firearms; is that correct?

MOVANT: Yes, sir.

THE COURT: And that one of the firearms was a short-barreled shotgun; is that correct?

MOVANT: Yes, sir.

THE COURT: And you possessed that weapon in furtherance of your possession with intent to distribute the methamphetamine; is that correct?

MOVANT: Yes, sir. In furtherance means just like during the time or –

THE COURT: As part of your possession to secure it, to maintain that no one would come in and take it from you, to ensure that no one bothered you, in furtherance of your possession with intent to distribute, you possessed the short-barreled shotgun; is that correct?

MOVANT: Oh, okay. Yeah, I guess so.

THE COURT: I mean, I need to know whether or not that's, in fact, what you did.

MOVANT: Yeah. Yeah.

THE COURT: I mean, that's why you have the short-barreled shotgun, isn't it, to make sure you were secure, to assist you and aid in furtherance of your possession

with intent to distribute the methamphetamine? Is that correct?

MOVANT: Yes.

. . .

THE COURT: Okay. And as to Count II, the knowingly possessing a short-barreled shotgun in furtherance of a drug trafficking crime, the range of punishment is not less than ten years and not more than a fine of $250,000 or both such fine and imprisonment. Do you understand that, sir?

MOVANT: Yes, sir.

. . .

THE COURT: And then they go to Count II, which is the knowingly possessing a short-barreled shotgun in furtherance of a drug trafficking crime. And that is – has a range of punishment as a result of Section 924(c), and you're subject to a mandatory term of imprisonment of ten years. And that that sentence is to run consecutive with any other sentence. Do you understand that?

MOVANT: Yes, sir.

THE COURT: Do you have any questions about any of that?

MOVANT: No, sir.

. . .

THE COURT: And on the charge in Count II of possession of a short-barreled shotgun, how do you wish to plead to that charge?

MOVANT: Guilty.

(Crim. Doc. 84 at 35, 40-41, 43-44, 47, 57). The final presentence report ("PSR") identified as Movant's residence the location where officers executed search warrants and discovered firearms

and methamphetamine on April 1, 2010 and December 10, 2010 (Crim. Doc. 97); Movant did not object to the PSR's characterization of the location as his residence.

Movant's motion to vacate raises three grounds for relief: (1) that plea counsel was ineffective by failing to object to two Guidelines provisions; (2) that counsel was ineffective by failing to "challenge the execution of the search warrant"; and (3) that the Court plainly erred by engaging in judicial fact-finding, i.e., finding that the firearm Movant possessed in furtherance of his drug trafficking crime was a short-barreled shotgun, before imposing a 10-year consecutive sentence on Count 2 (Docs. 1, 1.3). The Court will address each of Movant's grounds in turn.

**I.     Analysis**

A. <u>Ineffective Assistance of Counsel – Failure to Object to Guidelines</u>

First, Movant claims that counsel was ineffective by failing to challenge the application of U.S. Sentencing Guidelines ("U.S.S.G.") § 2K2.1(a)(1) (base offense level for certain firearms offenses) and § 2D1.1(c)(11) (base offense level based on quantity of controlled substance involved in certain drug offenses) to enhance his sentence. To establish a claim of ineffective assistance of counsel, Movant must demonstrate both that his counsel's performance was deficient and that he was prejudiced by that performance. <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984). Deficient representation means counsel's conduct fell below the conduct of a reasonably competent attorney. <u>Id.</u> To establish prejudice, Movant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Id.</u> at 694.

Movant's first ground for relief lacks merit because, among other reasons, he cannot establish that he was prejudiced by plea counsel's failure to object to U.S.S.G. § 2K2.1(a)(1) or § 2D1.1(c)(11). More specifically, although the parties contemplated in their plea agreement that

these Guidelines provisions would apply, the final version of the PSR did not actually apply either provision to calculate Movant's Guidelines range. Rather, the PSR grouped Counts 1, 3, and 4; applied the base offense level for Count 3 (possession of an unregistered firearm), as it resulted in the highest total offense level; and recommended the mandatory minimum 10-year consecutive sentence on Count 2. As such, Movant's claim that plea counsel was ineffective by failing to object to Guidelines provisions that had no effect on his sentence is meritless. See Strickland, 466 U.S. at 694.

B. Ineffective Assistance of Counsel – Failure to Challenge the Search Warrant

Movant also alleges that counsel was ineffective by failing to "challenge execution of the search warrant." More specifically, Movant claims that the location that was searched by law enforcement on April 1, 2010 and December 10, 2010, was not his residence; that neither his fingerprints nor his DNA were matched to the firearms that law enforcement officers found at that location; and that he did not confess to owning the firearms. Thus, according to Movant, the firearms were "fruits" of an illegal search. In Movant's view, counsel should have challenged the search warrant because, although he concedes that he "was a known occupant of the dwelling" at the time of the search, the Government has not established that he "maintained" the premises. In support of his argument, Movant cites to the commentary to U.S.S.G. § 2D1.8, which sets forth the base offense level for those convicted of maintaining a drug-involved premises, in violation of 21 U.S.C. § 856.

A defense attorney's failure to file a pretrial motion does not give rise to a claim of ineffective assistance if there was not a reasonable probability that the motion would have been successful. White v. Helling, 194 F.3d 937, 942 (8th Cir. 1999); United States v. Carasis, 863 F.2d 615, 616 (1988) (counsel's failure to file a pretrial motion is not necessarily indicative of

ineffective assistance); see Kimmelman v. Morrison, 477 U.S. 365, 384 (1986). The Court will deny Movant's second ineffective-assistance claim, as he cannot establish that a pretrial motion to suppress the firearms as fruits of an illegal search would have been successful. White, 194 F.3d at 942; see also Strickland, 466 U.S. at 694. More specifically, Movant does not contest the validity of the warrant, i.e. that it was issued by a neutral and detached magistrate based on a finding of probable cause that contraband or evidence of a crime would be found at the location to be searched. See Warden v. Hayden, 387 U.S. 294, 301-02 (1967). He also does not contend that law enforcement officers exceeded the scope of the warrant when they performed the searches on April 1, 2010 and December 20, 2010. The Fourth Amendment does not require exclusion of contraband seized during a search conducted pursuant to, and within the scope of, an otherwise valid warrant merely because the location searched was not the defendant's residence. See Illinois v. Gates, 462 U.S. 213, 238-39 (1983) (a search warrant may issue if there is a fair probability that contraband or evidence of a crime will be found "in a particular place"). The Court further notes that, at the plea hearing, Movant admitted that the location of the search was his residence, see Nguyen v. United States, 114 F.3d 699, 703 (8th Cir. 1997) (defendant's representations during a plea hearing "carry a strong presumption of verity"); and that he did not object to the PSR's conclusion that he resided at the location of the search, cf. United States v. Arrieta-Buendia, 372 F.3d 953, 955 (8th Cir. 2004) (if defendant does not object to specific factual allegation contained in PSR, the Court may accept that fact as true for purposes of sentencing). Therefore, the Court concludes that Movant is not entitled to § 2255 relief on his second claim.

C. Plain Error/Judicial Fact-Finding[2]

The sentence for possessing a firearm in furtherance of a drug trafficking offense is generally a minimum of 5 years, and a maximum of life, in prison, to be served consecutively to the sentence on the underlying drug trafficking offense. 18 U.S.C. § 924(c)(1)(A); see United States v. Lara-Ruiz, 781 F.3d 919, 922-23 (8th Cir. 2015). If the firearm is a short-barreled shotgun, however, the sentencing range is enhanced to a minimum of 10 years, and a maximum of life, in prison, to be served consecutively to the drug trafficking offense. 18 U.S.C. § 924(c)(1)(B)(i). According to Movant, the Court impermissibly enhanced his sentence on Count 2 based on a judicial finding that the firearm he possessed was a short-barreled shotgun.

Any fact, other than that of a prior conviction, which increases the mandatory minimum sentence a criminal defendant faces must be submitted to a jury and proved beyond a reasonable doubt. Alleyne v. United States, 133 S. Ct. 2151, 2163 (2013); see also Apprendi v. New Jersey, 530 U.S. 466, 490 (2000) (any fact, other than previous conviction, that increases a defendant's sentence beyond the statutory maximum must also be submitted to a jury and proved beyond a reasonable doubt). However, a criminal defendant is free to waive his right to require that such facts be submitted to a jury and proved beyond a reasonable doubt. See Blakely v. Washington, 542 U.S. 296, 310 (2004); United States v. Griffin, 394 Fed. App'x 349, 350-51 (8th Cir. 2010) (unpublished per curiam) (criminal defendant's right to jury trial is subject to knowing and voluntary waiver). Where—as here—a defendant enters a knowing and voluntary guilty plea, "the Government is free to seek judicial sentence enhancements so long as the defendant either stipulates to the relevant facts or consents to judicial factfinding." Blakely, 542 U.S. at 296; see

---

[2] In the plea agreement, Movant waived his right to contest his conviction or sentence under 28 U.S.C. § 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel (Crim. Doc. 61 at 17). The Government has not sought to enforce this waiver as to Movant's third ground for relief, and the Court will address the claim on the merits.

Bibbs v. United States, No. 4:04-CV-1077 CAS, 2007 WL 2507759, at *14 (E.D. Mo. Aug. 30, 2007) (rejecting § 2255 movant's claim that he was entitled to jury determination of fact used to apply a Guidelines enhancement, as the movant had admitted the fact in his plea agreement).

Movant's argument that the Court relied on impermissible judicial fact-finding to impose an enhanced sentence on Count 2 lacks merit. Movant entered a knowing and voluntary guilty plea to the offense of possessing a short-barreled shotgun in furtherance of a drug trafficking offense. He also admitted, both in the plea agreement and at the plea hearing, that he possessed the short-barreled shotgun in furtherance of his possession with the intent to distribute methamphetamine. See Nguyen, 114 F.3d at 703. The plea agreement placed Movant on notice of the mandatory minimum 10-year consecutive sentence he faced on Count 2, and at the plea hearing, Movant confirmed that he understood the nature of the offense to which he was entering his plea on Count 2, as well as the range of punishments he faced for that offense. Therefore, the 10-year consecutive sentence the Court imposed on Count 2 was based on facts to which Movant admitted when he knowingly and voluntarily entered his guilty plea, not on any fact-finding by the Court. Thus, Movant's third claim will be denied.

## II. Certificate of Appealability

The Court concludes that Movant has not made a substantial showing of the denial of a constitutional right. Therefore, the Court will not issue a certificate of appealability. See 28 U.S.C. § 2253.

## III. Conclusion

Accordingly, **IT IS HEREBY ORDERED** that Movant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 is **DENIED with prejudice**. A separate judgment will accompany this Memorandum and Order.

Dated this 2nd day of February, 2017.

                                                                     */s/ John A. Ross*
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**